Justice Breyer,
with whom Justice Ginsburg joins,
dissenting.
The divided decision of the Court of Appeals makes clear that the question presented by this petition has no clear legal answer and is open to serious legal debate. Both parties agree that the question presented is important and warrants this Court’s attention. See Pet. for Cert. 6-7; Pet. for Cert. in United States of America v. Clinton, O. T. 1997, No. 97-1924, p. 9. I recognize that a denial of certiorari is not a disposition on the merits of that question. See, e. g., Equality Foundation of Greater Cincinnati, Inc. v. Cincinnati, ante, p. 943 (Stevens, J., respecting denial of certiorari). Nonetheless, whether or when other opportunities for this Court to consider the issue arise depends upon whether or when the President, or other Government employees, will risk disclosing to Government lawyers significant matters that, under the Court of Appeals’ decision, are not privileged. They may very well choose the cautious course, holding back information from Government counsel, perhaps hiring outside lawyers instead. I believe that this Court, not the Court of Appeals, should establish controlling legal principle in this disputed matter of law, of importance to our Nation’s governance. I would grant the petition for certiorari.